EDNA B. PEELE, WIDOW v. EUGENE FINCH AND WIFE MAEBELLE G. FINCH, RAY FINCH AND WIFE BILLIE FINCH, MAGGIE F. BRANNON AND HUSBAND CHARLIE BRANNON, RELLA MAE F. TRENT AND HUSBAND OLLIE L. TRENT, BEATRICE M. FINCH, WIDOW, BOBBY LEE FINCH AND WIFE PATRICIA D. FINCH, HARRY FINCH AND WIFE JANE S. FINCH, FAYE FINCH WILLIAMS AND HUSBAND CHARLES WILLIAMS, JOE ELLEN FINCH MURRAY AND HUSBAND ROBERT MURRAY, B. W. BROWN AND WIFE ADELE L. BROWN, FRANKLIN D. BROWN AND WIFE DORIS B. BROWN, JAMES E. BROWN AND WIFE LA VERNE H. BROWN, JOHN D. BROWN AND WIFE ANNA LEEN M. BROWN, CHARLES A. BROWN AND WIFE JANICE LEWIS BROWN, MARJORIE E. FINCH AND HUSBAND WILLARD C. FINCH, ROSE B. TILLEY AND HUSBAND FELTON D. TILLEY, IRENE P. GLOVER AND HUSBAND ERNEST B. GLOVER

No. 46

(Filed 12 December 1973)

1. Wills § 28— construction of will — intent of testator

Nothing else appearing, terms used in a will must be construed so as to accomplish the intent of the testator, which is determined from the will itself and the surrounding circumstances known to the testator.

2. Wills § 28— property devised — identity of devisee — construction of will

As to the property devised or bequeathed, the will is construed as if executed immediately prior to the testator's death; however, as

to the identity of the devisee or legatee, it is to be construed, nothing else appearing, in the light of circumstances known to the testator at the time of its actual execution. G.S. 31-41.

**3. Wills § 48— devise to "issue" — inclusion of adopted child**

It is the express provision of G.S. 48-23(3) that in any will the word "issue" shall be held to include any adopted person, unless the contrary plainly appears by the terms of the will itself, and such rule of construction shall apply whether the will was executed before or after the final order of adoption and. irrespective of whether the will was executed before or after the enactment of the statute.

**4. Statutes § 5— clear provisions — construction in accord with intent of Legislature**

Where the terms of a statute are clear, no construction of its provisions is required, but it is the duty of the Court to apply the statute so as to carry out the intent of the Legislature, irrespective of any opinion the Court may have as to the wisdom of the statute or its injustice to the deceased testator, unless the statute exceeds the power of the Legislature under the Constitution.

**5. Statutes § 8; Wills § 48— inclusion of adopted children as "issue" — retrospective statute — constitutionality**

Retrospective statutes destroying or diminishing contingent interests in property do not, *per se*, deprive the holder thereof of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the U. S. or Article I, § 19 of the Constitution of N. C., or violate any other constitutional limitation upon legislative power; therefore, it was within the power of the Legislature to enact G.S. 48-23(3) after the death of the testator enlarging the class entitled to take under a provision of a will creating a contingent interest by providing that "issue" include adopted children.

**6. Wills § 48— devise to "issue" — adopted child included in class**

Where testator devised a tract of land to Laura Finch for life and then "to her children, if any, and, if none, then to her brothers and sisters, or to the issue of those that may be dead, share and share alike" and nothing in the devise indicated testator's intent with respect to an adopted child of Laura Finch's sister, the Court is required by G.S. 48-23(3) to hold that the adopted child is "issue" of the sister within the meaning of the will and takes thereunder a share in the proceeds from sale of the land devised to Laura Finch.

APPEAL by respondents Glover from *Bone, E.J.*, at. the 6 March 1973. Session of NASH, heard prior to determination by the Court of Appeals.

This is a special proceeding brought before the Clerk for the sale of land for partition among tenants in common. Pursuant to the stipulation of the parties, the land has been sold and the proceeds are now held by the commissioner pending the determination of the rights of the parties to share therein.

The petition alleged that Irene P. Glover had no interest in the land. The response of Mrs. Glover and her husband alleged that she owned a one-fourth undivided interest therein. An issue having thus been raised, the matter was set for trial in the Superior Court.

Both the petitioner and the respondents Glover moved for summary judgment, there being no controversy as to the facts. The court granted the motion of the petitioner and gave judgment that the respondents Glover took no right, title or interest in the land and that the sole owners thereof, and so of its proceeds, are the persons alleged in the petition to be such.

All of the parties claim under the will of B. W. Brown, the former owner of the property. The pertinent portion of the will is as follows:

"FOURTH: I give and devise to my daughter Laura Finch, wife of Thurman Finch, that certain tract in Ferrells' Township, Nash County, N. C. [described] to have and to hold to her, the said Laura Finch, for and during the term of her natural life and no longer, and after her death, to her children, if any, and, if none, then to her brothers and sisters, or to the issue of those that may be dead, share and share alike."

The testator died leaving five children surviving him, namely, Laura Brown Finch, Rella Brown Finch, C. A. Brown, Edna Brown Peele and Maggie Brown Glover.

Laura Brown Finch died in 1972 never having had a child. Maggie Brown Glover died in 1959 without leaving any natural born children, but was survived by the respondent Irene Glover, her adopted daughter, who was adopted in 1937, after the death of the testator. Irene Glover married the respondent Ernest B. Glover. Edna Brown Peele, the petitioner, is the sole survivor among the brothers and sisters of Laura Brown Finch. Naturally born issue of Rella Brown Finch and of C. A. Brown survive.

*Vernon F. Daughtridge for Respondent Appellants.*

*Fields, Cooper & Henderson by Leon Henderson, Jr. for Petitioner Appellee.*

LAKE, Justice.

At the death of the testator, Laura Brown Finch had no children and it could not be known whether she would have

children. Consequently, the will of B. W. Brown devised the land in question to her for life with a contingent remainder to her children, if any, and an alternative contingent remainder in her brothers and sisters and the issue of those who predeceased her. *Lawson v. Lawson*, 267 N.C. 643, 148 S.E. 2d 546. The interests of her brothers and sisters and of the issue of those who might predecease her did not vest until the death of Laura Brown Finch. Thus, those who, at the death of Laura Brown Finch, met the description of the class, "her brothers and sisters" and "the issue of those that may be dead," became the owners of the land and are now entitled to share in its proceeds. *Lawson v. Lawson, supra; Strickland v. Jackson*, 259 N.C. 81, 130 S.E. 2d 22; *Trust Co. v. Lindsay*, 210 N.C. 652, 188 S.E. 94; *Fulton v. Waddell*, 191 N.C. 688, 132 S.E. 669.

The sole question presented by this appeal is whether Irene P. Glover, the adopted daughter of a sister of Laura Brown Finch, whose adoption occurred after the death of the testator, is "issue" of her adoptive mother within the meaning of the will and thus entitled to share in the proceeds of the land.

[1, 2] We are not here concerned with the right of the adopted child to inherit, through the statutes of descent and distribution, from her adoptive parent or, through such parent, from that parent's intestate ancestor or collateral relative. That right is given her by G.S. 48-23(1). *Thomas v. Thomas*, 258 N.C. 590, 129 S.E. 2d 239. The question before us is whether the adopted child takes under the will of her adoptive mother's father, B. W. Brown. That depends upon whether she is "issue" of her parent within the meaning of the will. *Thomas v. Thomas, supra; In re Heard's Estate*, 49 Cal. 2d 514, 319 P. 2d 637; *Thomas v. Higginbotham (Mo.)*, 318 S.W. 2d 234; *Commerce Trust Co. v. Weed (Mo.)*, 318 S.W. 2d 289; *Prince v. Nugent*, 93 R.I. 149, 172 A. 2d 743; *Merson v. Wood*, 202 Va. 485, 117 S.E. 2d 661; 2 AM. JUR. 2d, Adoption, §§ 92, 94. Nothing else appearing, terms used in a will must be construed so as to accomplish the intent of the testator, which is determined from the will itself and the surrounding circumstances known to the testator. *Y.W.C.A. v. Morgan, Attorney General*, 281 N.C. 485, 189 S.E. 2d 169; *Bank v. Home for Children*, 280 N.C. 354, 185 S.E. 2d 836; *Trust Co. v. Dodson*, 260 N.C. 22, 33, 131 S.E. 2d 875. As to the property devised or bequeathed, the will is construed as if executed immediately prior to the testator's death. G.S. 31-41; *Trust Co. v. Dodson, supra.* As to the identity of the devisee or

legatee, however, it is to be construed, nothing else appearing, in the light of circumstances known to the testator at the time of its actual execution. *Thomas v. Thomas, supra; Trust Co. v. Green,* 239 N.C. 612, 80 S.E. 2d 771.

The will of B. W. Brown was made a few weeks prior to his death in 1920. Our attention has been called to no statute then in effect concerning the construction of the word "issue" to include an adopted child and our research has disclosed no such statute. At that time Consolidated Statutes § 185 was the only statutory provision dealing with the effect of an order of adoption. It provided:

> "Such order, when made, shall have the effect forthwith to establish the relation of parent and child between the petitioner and the child during the minority or for the life of such child, according to the prayer of the petition, with all the duties, powers and rights belonging to the relationship of parent and child, and in case the adoption be for the life of the child, and the petitioner died intestate, such order shall have the further effect to enable such child to inherit the real estate and entitle it to the personal estate of the petitioner in the same manner and to the same extent such child would have been entitled to if such child had been the actual child of the person adopting it. * * * "

[3] After having been amended and rewritten from time to time following the death of the testator, this statute was again rewritten in 1963, prior to the death of Laura Brown Finch, and now, under the designation G.S. 48-23 provides, in its pertinent parts:

> "The following legal effects shall result from the entry of every final order of adoption:

> "(1) The final order forthwith shall establish the relationship of parent and child between the petitioners and child, and from the date of the signing of the final order of adoption, the child shall be entitled to inherit real and personal property by, through, and from the adoptive parents in accordance with the statutes relating to intestate succession. An adopted child shall have the same legal status, including all legal rights and obligations of any kind whatsoever, as he would have had if he were born the legitimate child of the adoptive parent or parents at the date of the

signing of the final order of adoption, except that the age of the child shall be computed from the date of his actual birth.

\*　　　\*　　　\*

"(3) From and after the entry of the final order of adoption, the words 'child,' 'grandchild,' 'heir,' 'issue,' 'descendant,' or an equivalent, or the plural forms thereof, or any other word of like import in any deed, grant, will or other written instrument shall be held to include any adopted person, unless the contrary plainly appears by the terms thereof, whether such instrument was executed before or after the entry of the final order of adoption and whether such instrument was executed before or after the enactment of this section."

In *Thomas v. Thomas, supra,* the facts were virtually the same as those now before us. There, the testator died in 1926, at which time the adoption statutes in effect were the same as in 1920 when the present testator died. He devised land to his son for life, then to the son's wife for life, then to "the children of my said son living at the time of his death" and, if none, then to the brothers and sisters of the said son. The son who was the devisee for life had no naturally born children but adopted a son in 1949, long after the death of the testator. This Court held that the adopted son did not take anything under the will. At the time the case reached this Court, G.S. 48-23, consisting solely of what is now G.S. 48-23(1), was in effect. Speaking for the majority of the Court, Chief Justice Denny said:

"If the question here were one of inheritance we think G.S. 48-23 would give us the answer. \* \* \*

"However, the courts in most jurisdictions still make a distinction between devises and inheritances with respect to the right of an adopted child, even though all distinctions between natural born and adopted children have been abolished by statute.

"In the case of *Smyth v. McKissick,* 222 N.C. 644, 24 S.E. 2d 621, this Court held that a child adopted after the effective date of a trust indenture, could not take thereunder. The Court said: 'The general rule is that the word "child," standing alone, when used in a deed as referring

to those to take in succession, does not include the adopted child of another, *unless it appears from the instrument itself or attendant circumstances that it was so intended.'* (Emphasis added.) * * *

"Likewise, we pointed out in the case of *Bradford v. Johnson,* 237 N.C. 572, 75 S.E. 2d 632, that [under] a testamentary provision for a child or children of a named person, a child adopted by such person after the testator's death does not take. * * *

"On the other hand, it seems to be the general rule that where no language showing a contrary intent appears in a will, a child adopted either before or after the execution of the will, but prior to the death of the testator, where the testator knew of the adoption in ample time to have changed his will so as to exclude such child if he had so desired, such adopted child will be included in the word 'children' when used to designate a class which is to take under the will. *Bullock v. Bullock,* 251 N.C. 559, 111 S.E. 2d 837; *Trust Co. v. Green,* 239 N.C. 612, 80 S.E. 2d 771; *Bradford v. Johnson, supra,* and cited cases. * * *

"In the instant case, the [adopted child] was not born when the testator died. * * * Moreover, at the time the testator executed his will, an adopted child was incapable of inheriting from the ancestor of the adoptive parents. * * * Consequently, at the time the testator executed his will, there was nothing in our statutes of descent and distribution or in our adoption laws, or in the will itself, as executed, to indicate that the testator had any idea that in leaving real estate to his son for life, then in fee simple to his children living at his death, if any, [such devise] would or could include any child except a child or children of the blood of the ancestor."

Clearly, the purpose of the Legislature in adding to G.S. 48-23 paragraph (3), enacted almost immediately after the decision of this Court in *Thomas v. Thomas, supra,* was to change the law as there declared. The express provision of the statute is that in any will the word "issue" shall be held to include any adopted person, unless the contrary plainly appears by the terms of the will itself. It is also expressly provided by the statute that such rule of construction shall apply whether the will was executed before or after the final order of adoption

Peele v. Finch

and irrespective of whether the will was executed before or after the enactment of the statute.

[4] The terms of the statute being clear, no construction of its provisions by this Court is required. *Lutz v. Board of Education,* 282 N.C. 208, 192 S.E. 2d 463; *Utilities Commission v. Electric Membership Corp.,* 275 N.C. 250, 166 S.E. 2d 663; *Pipeline Co. v. Clayton, Commissioner of Revenue,* 275 N.C. 215, 166 S.E. 2d 671; *Highway Commission v. Hemphill,* 269 N.C. 535, 153 S.E. 2d 22. In such event, it is our duty to apply the statute so as to carry out the intent of the Legislature, irrespective of any opinion we may have as to its wisdom or its injustice to the deceased testator, unless the statute exceeds the power of the Legislature under the Constitution. *Highway Commission v. Hemphill, supra.*

It is elementary that the State Legislature, unlike the Congress of the United States, has all of the legislative powers of the people of North Carolina, themselves, except insofar as such power is taken from it by the State Constitution. *McIntyre v. Clarkson,* 254 N.C. 510, 119 S.E. 2d 888; *Lassiter v. Board of Elections,* 248 N.C. 102, 102 S.E. 2d 853; affirmed 360 U.S. 45, 79 S.Ct. 985, 3 L.Ed. 2d 1072. Of course, State action prohibited by a provision of the United States Constitution is beyond the power of the people or of their representatives in the Legislature.

[5] We find no provision in either the State Constitution or the Federal Constitution which takes from the Legislature the power to do what the Legislature clearly undertook to do in the enactment of G.S. 48-23 (3). At the time of the enactment of this statute, no brother or sister of Laura Brown Finch and no issue of a deceased brother or sister had any vested interest in the property in question, their rights at that time being contingent, as above noted. Retrospective statutes destroying or diminishing contingent interests in property do not, per se, deprive the holder thereof of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States or Article I, § 19, of the Constitution of North Carolina, or violate any other constitutional limitation upon legislative power. *Stanback v. Citizens National Bank,* 197 N.C. 292, 148 S.E. 313.

[6] G.S. 48-23 (3) does not abolish the rule that the intent of the testator controls the construction of his will. See, *Trust Co.*

*v. Andrews,* 264 N.C. 531, 142 S.E. 2d 182. It changes the rule stated in *Thomas v. Thomas, supra,* to the effect that the adopted child does not take under a limitation to a "child" unless an intent that he take clearly appears in the instrument or in the attendant circumstances. Under the statute, such child takes unless a contrary intent plainly appears by the terms of the will or conveyance. Nothing in the devise made by the will of B. W. Brown throws any light whatever upon his intent with reference to this matter. Therefore, we are required by the statute to hold that the adopted child of Maggie Brown Glover is "issue" of Maggie Brown Glover within the meaning of this will and takes thereunder a share in the proceeds of the land devised to Laura Brown Finch.

For decisions of other jurisdictions giving effect to similar statutes enacted after the death of the testator so as to enlarge the class entitled to take under a provision of a will creating a contingent interest, see: *In re Heard's Estate, supra; Haskell v. Wilmington Trust Co. (Del.),* 304 A. 2d 53; *Major v. Kammer (Ky.),* 258 S.W. 2d 506; *Sewall v. Roberts,* 115 Mass. 262; *Loring v. Thorndike,* 87 Mass. 257; *Thomas v. Higginbotham, supra; Commerce Trust Co. v. Weed, supra; In re Upjohn's Will,* 304 N.Y. 366, 107 N.E. 2d 492.

Reversed.