MARY KISTLER STONEY; ANDREW M. KISTLER II; ANDREW M. KISTLER III; MARGARET CHRISTINE KISTLER; DOROTHY E. KISTLER AND MARGARET J. KISTLER, GUARDIAN AD LITEM FOR THE INFANT PLAINTIFFS ANDREW M. KISTLER III; MARGARET CHRISTINE KISTLER, AND DOROTHY E. KISTLER; AND ALL PERSONS WHO MAY NOW OR HEREAFTER AT ANY TIME HAVE OR CLAIM TO HAVE THROUGH ANY OF SAID INFANT PLAINTIFFS ANY INTEREST UNDER ARTICLE TENTH OF THE WILL OF CHARLES E. KISTLER v. RODERICK M. MACDOUGALL, TRUSTEE UNDER THE WILL OF CHARLES E. KISTLER; MARY KISTLER STAHL; CHARLES E. KISTLER III; JOHN F. KISTLER II; KAREN M. KISTLER; DELL E. KISTLER; JAMES B. CRAVEN III; STEPHEN K. CRAVEN; JAMES B. CRAVEN IV; JOSEPH H. CRAVEN, SARA H. CRAVEN, GUARDIAN AD LITEM FOR THE INFANT DEFENDANTS JAMES B. CRAVEN IV AND JOSEPH H. CRAVEN AND ALL PERSONS WHO MAY NOW OR HEREAFTER AT ANY TIME HAVE OR CLAIM TO HAVE THROUGH ANY OF THE SAID INFANT DEFENDANTS ANY INTEREST UNDER ARTICLE TENTH OF THE WILL OF CHARLES E. KISTLER; AND MARY K. STAHL, ELIZABETH M. STAHL AND WAYNE W. MARTIN GUARDIAN AD LITEM FOR THE INFANT DEFENDANTS MARY K. STAHL AND ELIZABETH M. STAHL, AND ALL UNKNOWN AND UNBORN PERSONS WHO MAY NOW OR HEREAFTER AT ANY TIME HAVE OR CLAIM TO HAVE ANY INTEREST UNDER ARTICLE TENTH OF THE WILL OF CHARLES E. KISTLER AND ARE NOT REPRESENTED BY MARGARET J. KISTLER, GUARDIAN AD LITEM FOR THE INFANT PLAINTIFFS

No. 7525SC523

(Filed 17 December 1975)

**Wills § 48— adopted children as "issue"**

Children of testator's son adopted by the son after testator's death in 1936 are entitled to share in the distribution of the principal of a trust under a provision of testator's will providing that upon termination of the trust the principal was to be distributed to testator's "issue," since under G.S. 48-23, enacted in 1963, the word "issue" includes any adopted person unless the contrary plainly appears by the terms of the will itself, and such construction applies whether the

Stoney v. MacDougall

will was executed before or after the final order of adoption and irrespective of whether the will was executed before or after enactment of the statute.

APPEAL by defendants from Ervin, Judge. Judgment entered 29 March 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 15 October 1975.

A declaratory judgment action was instituted to obtain construction of Article Ten of the Will of Charles E. Kistler. The plaintiffs and defendants comprised all persons, born and unborn, with an interest in the residuary trust created by that article. The complaint seeks a declaration as to the rights of three minor plaintiffs who are the adopted children of testator's son Andrew.

The evidence shows that Charles E. Kistler died 8 December 1936 leaving a will and three codicils which were probated. Article Ten of the will created a trust which was to terminate upon the death of the last survivor of Mary K. Stoney (testator's wife), Charles E. Kistler, Jr., Mary K. Stahl, and Andrew M. Kistler II (testator's three children). Two-thirds of the trust income was to be distributed to Mary K. Stoney during her lifetime, and one-third of the trust income was to be distributed to the three children for their lifetimes. If Mary Stoney died before termination of the trust, her share of the trust income was to be distributed among the children. If any of the children died before termination of the trust, their share of the trust income was to be distributed to their issue, or failing such issue, to the testator's other children or their issue. Upon termination of the trust, testator provided for the distribution of the principal to "my issue" or, failing such issue to his heirs by the intestacy statutes.

Andrew adopted three children (Andrew M. Kistler III, Margaret C. Kistler, and Dorothy E. Kistler). When G.S. 48-23 took effect in 1963, testator was deceased, and the trust income was being distributed in accordance with the terms of the trust indenture. Based upon these facts, the superior court concluded that Andrew's three adopted children "have the rights of beneficiaries under the said will in the same manner and with the same effect as if they were natural legitimate issue of Andrew M. Kistler II, and natural legitimate issue of Charles E. Kistler." Two of testator's minor grandchildren have appealed.

*Hudson, Petree, Stockton, Stockton, and Robinson, by H. G. Hudson, for plaintiff appellees.*

*Everett, Everett, Creech, and Craven, by James B. Craven III, for defendant appellees.*

*Simpson, Martin, Baker & Aycock, by Wayne W. Martin, for defendant appellants.*

MARTIN, Judge.

The question presented by this appeal is whether the court erred in finding as a fact and concluding as a matter of law that the adopted children of Andrew M. Kistler II, and their issue, are and will be issue of Charles E. Kistler under Article Ten, Paragraph 2(h) of the will of Charles E. Kistler, and, as such issue, whether they have the rights of beneficiaries under the said will in the same manner and with the same effect as if they were natural legitimate issue of Charles E. Kistler.

The adopted children of Andrew Kistler II, were not born when Charles E. Kistler died. Moreover, at the time Charles E. Kistler executed his will, an adopted child was incapable of inheriting from the ancestor of the adoptive parents. Consequently, at the time Charles E. Kistler executed his will, there was nothing in our statutes of descent and distribution or in our adoption laws to indicate that he had any idea that by creating a trust providing that upon its termination the principal was to be distributed to "my issue," he would or could include any child except a child or children of his blood.

After having been amended and rewritten from time to time following the death of Charles E. Kistler, the statute was again rewritten in 1963, and now, under the designation of G.S. 48-23, provides, in its pertinent parts:

"The following legal effects shall result from the entry of every final order of adoption:

. . .

(3) From and after the entry of the final order of adoption, the words 'child,' 'grandchild,' 'heir,' 'issue,' 'descendant,' or an equivalent, or the plural forms thereof, or any other word of like import in any deed, grant, will or other written instrument shall be held to include any adopted person, unless the contrary plainly appears by the terms thereof, whether such instrument was executed be-

fore or after the entry of the final order of adoption and whether such instrument was executed before or after the enactment of this section."

Clearly, the express provision of the statute is that in any will, the word "issue" shall be held to include any adopted person, unless the contrary plainly appears by the terms of the will itself. It is also expressly provided by the statute that such rule of construction shall apply whether the will was executed before or after the final order of adoption and irrespective of whether the will was executed before or after the enactment of the statute. *Peele v. Finch,* 284 N.C. 375, 200 S.E. 2d 635 (1973).

Appellants contend that by using the phrase "my issue," the testator intended to exclude adopted persons from distribution of the principal upon termination of the trust. The use of the words, "my issue" is not a plain indication of a contrary intent by the terms of the will sufficient to prevent the adopted children of Andrew M. Kistler II from sharing in the distribution of the principal upon termination of the trust.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges MORRIS and PARKER concur.