MARY HELEN NEWSOM SIMPSON AND HUSBAND, DARYL SIMPSON, PETITIONERS v. NICHOLAS CARROLL SIMPSON, JULIAN EDWARD SIMPSON, A MINOR APPEARING HEREIN BY HIS DULY APPOINTED GUARDIAN AD LITEM, BOBBY G. ABRAMS, MARY EMMA SIMPSON AND VIRGINIA ANN SIMPSON, MINORS APPEARING HEREIN BY THEIR DULY APPOINTED GUARDIAN AD LITEM, WALTER L. HINSON, THE ELON HOME FOR CHILDREN, INC., THE MISSION BOARD OF THE SOUTHERN CONVENTION OF CONGREGATIONAL CHRISTIAN CHURCHES, INC., ELON COLLEGE, AND ALL UNBORN AND UNASCERTAINED CHILDREN OR ISSUE OF MARY ELLEN NEWSOM SIMPSON, APPEARING HEREIN BY THEIR DULY APPOINTED GUARDIAN AD LITEM, JOHN E. CLARK, RESPONDENTS

No. 757SC813

(Filed 17 March 1976)

Wills § 48— devise to daughter's "children" — adopted children
    Where testator devised property to his daughter for life "and then to her children if any," adopted children of the daughter are devisees under the will to the same extent as are her natural children absent an indication in the will to exclude adopted children. G.S. 48-23.

APPEAL by respondents Mary Emma Simpson and Virginia Ann Simpson, minors appearing herein by their duly appointed guardian ad litem, Walter L. Hinson from *Peele, Judge.* Judgment entered 28 April 1975 in Superior Court, WILSON County. Heard in the Court of Appeals 10 February 1976.

The present action was instituted by Mary Helen Newsom Simpson who has a vested life estate in certain timberlands to sell the timber thereon pursuant to the provisions of G.S. 41-11. The petitioner Daryl Simpson is the husband of Mary Helen Newsom Simpson. They were married 14 September 1946.

Nicholas Carroll Simpson and Julian Edward Simpson are adopted children of the petitioners. Mary Emma Simpson and

Virginia Ann Simpson are natural born children resulting from the marriage of the petitioners.

L. E. Newsom died testate 5 June 1940 and his will contained, among other provisions, the following:

> "Third, I give, devise and bequeath to my adopted daughter Mary Helen Newsom the remaining half of my real and personal estate; also all of my real and personal estate, after taking out the devises and legacies mentioned in former items, for her support and comfort during her natural life L. E. Newsom and then to her children if any, to have and to hold in fee simple.

> "Fourth, my will and desire is that if my adopted daughter, Mary Helen Newsom should die without issue (children) then and in that event, I give, devise and bequeath in fee simple, my remaining real and personal estate as follows: One Fourth to the endowment fund of Elon College, and the remaining one-half to the Home Mission Board of the Christian Church founded by James O. Kelley. Said half to be used to the best advantage in propagating the Gospel of Jesus Christ and establishing Christian Churches in the territory between Clayton and Selma on the West and Lucama, Wilson and Rocky Mount, N. C. on the East."

Mary Helen Newsom Simpson is one and the same person as Mary Helen Newsom referred to in the will of the late L. E. Newsom.

The guardian ad litem for Mary Emma Simpson and Virginia Ann Simpson filed a response to the petition denying that the adopted children of Mary Helen Newsom Simpson had an interest in and to the proceeds arising from the sale of said timber.

The court held inter alia that "[u]nder the Will of L. E. Newsom, Nicholas Carroll Simpson and Julian Edward Simpson, the adopted children of the petitioners, are devisees under the Will of the late L. E. Newsom and are entitled to share equally with the natural-born children of the petitioners, Mary Emma Simpson and Virginia Ann Simpson."

From the entry and signing of the judgment, the minor respondents, Mary Emma Simpson and Virginia Ann Simpson,

excepted and gave notice of appeal to this Court through their guardian ad litem.

*Parker, Miles & Hinson, by Walter L. Hinson, Guardian Ad Litem for Mary Emma Simpson and Virginia Ann Simpson, repondent appellants.*

*Narron, Holdford, Babb and Harrison, by R. W. Harrison, Jr., Guardian Ad Litem for Julian Edward Simpson, respondent appellee.*

MARTIN, Judge.

The sole question presented by this appeal is whether the court erred in concluding as a matter of law that adopted children of the petitioners, Nicholas Carroll Simpson and Julian Edward Simpson, are devisees under the will of L. E. Newsom fully and to the same extent as are the natural-born children, Mary Emma Simpson and Virginia Ann Simpson.

G.S. 48-23 provides, in pertinent part:

"The following legal effects shall result from the entry of every final order of adoption:

(1) The final order forthwith shall establish the relationship of parent and child between the petitioners and child, and from the date of the signing of the final order of adoption, the child shall be entitled to inherit real and personal property by, through, and from the adoptive parents in accordance with the statutes relating to intestate succession. An adopted child shall have the same legal status, including all legal rights and obligations of any kind whatsoever, as he would have had if he were born the legitimate child of the adoptive parent or parents at the date of the signing of the final order of adoption, except that the age of the child shall be computed from the date of his actual birth.

\*   \*   \*

(3) From and after the entry of the final order of adoption, the words 'child,' 'grandchild,' 'heir,' 'issue,' 'descendent,' or an equivalent, or the plural forms thereof, or any other word of like import in any deed, grant, will or other written instrument shall be held to include any adopted person, unless the contrary plainly appears by the terms

thereof, whether such instrument was executed before or after the entry of the final order of adoption and whether such instrument was executed before or after the enactment of this section."

The express provisions of paragraph (3) of the statute state that in a will the word "child" shall be construed to include any adopted person unless the contrary plainly appears by the terms of the will itself. This rule of construction shall apply whether the will was executed before or after the final order of adoption and whether the will was executed before or after the enactment of the statute. *Peele v. Finch,* 284 N.C. 375, 200 S.E. 2d 635 (1973) ; *Stoney v. MacDougall,* 28 N.C. App. 178, 220 S.E. 2d 368 (1975).

We find nothing in the devise made by the will of L. E. Newsom to indicate an intention to exclude adopted children.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges BRITT and HEDRICK concur.