GEORGE A. BRYANT, JR., AND NANCY M. BRYANT, PLAINTIFFS v. JOHN T. EAGAN, JR., RONALD A. MATAMOROS, MARY M. EAGAN, WATERFORD—A PARTNERSHIP, DEFENDANTS

No. 8721SC735

(Filed 16 February 1988)

1. Fraud §§ 6, 9— failure to prove injury—summary judgment properly entered on fraud claim

   The trial court properly granted summary judgment for defendants on plaintiffs' claim for fraud where plaintiffs alleged that they purchased one con-

dominium unit but another one was conveyed to them by mistake; the evidence showed that the mistake was discovered two months later and corrected at no cost to plaintiffs; and plaintiffs therefore did not suffer any injury.

2. **Appeal and Error § 4— fraud claim asserted at trial—negligence claim improperly asserted on appeal**

Plaintiffs could not assert on appeal a claim of negligence against defendant attorney, since plaintiffs asserted only a claim of fraud against him in their complaint and the negligence claim could not be asserted for the first time on appeal.

APPEAL by plaintiffs from *Wood, Judge.* Order entered 8 April 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 February 1988.

This is a civil action wherein plaintiffs seek to recover damages for alleged fraud and misrepresentation from Waterford, a general partnership that owns and develops property in Forsyth County known as "Mayfair at Country Club." Defendants John T. and Mary M. Eagan are partners in Waterford. Plaintiffs also seek to recover damages for alleged fraud and misrepresentation from Ronald A. Matamoros, an attorney who was selected by Waterford to handle the sale of a condominium unit by Waterford to the plaintiffs. For the benefit of the Mayfair Condominiums Homeowners' Association, plaintiffs further seek an order establishing an escrow account and an order for an outside CPA audit of the Association's books and records.

The record discloses the following: On 21 September 1985 plaintiffs executed a contract to purchase Unit 187 of the Mayfair Condominiums located at 632 Balfour Road. At the closing on 11 October 1985, defendant Ronald Matamoros served as closing attorney and mistakenly deeded a condominium unit located at 626 Balfour Road. Plaintiffs took possession of Unit 187 at 632 Balfour Road and the mistake was not discovered until December 1985. Upon discovery of the error Matamoros notified plaintiffs and plaintiffs executed a deed conveying the unit located at 626 Balfour Road back to Waterford. Waterford then executed a deed conveying the unit located at 632 Balfour Road to plaintiffs. At the 11 October 1985 closing Matamoros failed to collect from plaintiffs the common area charge required to be collected by the Mayfair Condominiums Homeowners' Association. Waterford also failed to collect the monthly assessments due the Mayfair Con-

Bryant v. Eagan

dominiums Homeowners' Association from certain other home-owners.

Defendants moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Defendants' motion was supported by the affidavits of John T. Eagan and Ronald A. Matamoros. Eagan, in his affidavit, admits being a partner in Waterford and selling a condominium unit to plaintiffs. He further states that plaintiffs failed to pay Waterford the balance of the note due and payable to Waterford on 11 October 1986. Consequently, Waterford instituted foreclosure proceedings against the plaintiffs' property. Prior to the foreclosure sale of plaintiffs' property a sheriff's sale was held pursuant to a judgment obtained against plaintiffs in an unrelated claim. Waterford was the highest bidder and purchased the unit at the sheriff's sale. A foreclosure sale was then held, Waterford was again the highest bidder, and the Sheriff of Forsyth County conveyed the property to Waterford by Sheriff's Deed. On 27 January 1987 Waterford took a voluntary dismissal without prejudice of its foreclosure proceedings. Subsequent to the sale plaintiffs moved from the premises and no longer possess any ownership interest in any of the Mayfair development.

In his affidavit, Ronald Matamoros admitted to mistakenly delivering to plaintiffs the deed to 626 Balfour Road. He stated the error was corrected without cost to plaintiffs and "without any legal exposure threto [sic]." Matamoros then went on to reiterate Eagan's account of the foreclosure of plaintiffs' property.

After a hearing the trial court granted defendants' motion for summary judgment on 8 April 1987 and dismissed plaintiffs' action with prejudice. Plaintiffs appealed.

*George A. Bryant, Jr., appearing pro se for plaintiffs, appellants.*

*Petree Stockton & Robinson, by Daniel R. Taylor, Jr., and James P. Cain, for defendants, appellees.*

HEDRICK, Chief Judge.

Plaintiffs' sole contention on appeal is the trial court erred in granting defendants' motion for summary judgment. It is a fun-

damental principle of law that summary judgment should be granted only when the materials submitted to the court establish that there is no genuine issue as to a material fact and that a party is entitled to judgment as a matter of law. *Parker Marking Systems, Inc. v. Diagraph-Bradley Industries, Inc.*, 80 N.C. App. 177, 341 S.E. 2d 92 (1986). The party moving for a summary judgment has the burden of clearly establishing the lack of any triable issue of fact. *Rockingham Square Shopping Center, Inc. v. Integon Life Ins. Corp.*, 52 N.C. App. 633, 279 S.E. 2d 918, *disc. rev. denied*, 304 N.C. 196, 285 S.E. 2d 101 (1981).

According to the pleadings and affidavits in the record, the parties are in agreement as to the material facts in this case. While there are some deviations and differences, they are not sufficient to raise a genuine issue of material fact. This conclusion does not end the inquiry. If there are no genuine issues of material fact the evidence offered in support of the motion must be examined in light of the substantive rules of law as they relate to a plaintiff's claim for relief in order to determine whether a party is entitled to a judgment as a matter of law. *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980).

[1] Plaintiffs seek damages for fraud and misrepresentation from John T. Eagan, Jr., and Ronald A. Matamoros. To support an action for fraud, plaintiffs must show:

> (a) that defendant made a representation relating to some material past or existing fact; (b) that the representation was false; (c) that defendant knew the representation was false when it was made or made it recklessly without any knowledge of its truth and as a positive assertion; (d) that defendant made the false representation with the intention that it should be relied upon by plaintiffs; (e) that plaintiffs reasonably relied upon the representation and acted upon it; and (f) that plaintiffs suffered injury.

*Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 253, 266 S.E. 2d 610, 615 (1980).

In an action for fraud, a defendant may prevail on a motion for summary judgment if the defendant can present material which effectively negates even one of the essential elements of fraud. *Russo v. Mountain High, Inc.*, 38 N.C. App. 159, 247 S.E. 2d

654 (1978). "It is not necessary that defendant's material negate *all* of the essential elements. . . ." *Id.* at 162, 247 S.E. 2d at 656.

While it is possible for there to be a genuine issue of material fact regarding the representations or omissions of defendants here, plaintiffs have shown no evidence of any injury resulting from the alleged representations. The only damage claimed by plaintiffs in their complaint is that "the property at 632 Balfour Road is not a [sic] attractive investment. . . ." Plaintiffs failed to further substantiate this assertion in their affidavits or pleadings and summary judgment is appropriate where the damages alleged are at best speculative. *Harris v. Maready*, 84 N.C. App. 607, 353 S.E. 2d 656 (1987). Therefore, defendants have presented material that negates the last essential element of fraud, i.e. "that the plaintiff suffered injury." The granting of summary judgment for defendants on plaintiffs' alleged claim for fraud was proper.

In their brief plaintiffs only argue their claim for negligence against Ronald A. Matamoros and fraud on the part of Waterford and John T. Eagan. Plaintiffs are thereby deemed to have abandoned their other claims of relief pursuant to Rule 28 of the North Carolina Rules of Appellate Procedure. *See Brown v. North Carolina Wesleyan College, Inc.*, 65 N.C. App. 579, 309 S.E. 2d 701 (1983).

[2] Furthermore, plaintiffs cannot assert on appeal a claim of negligence against Matamoros. Plaintiffs, in their complaint, only assert a fraud claim against Matamoros. The claim for negligence, which was not asserted before the trial court, cannot be raised for the first time on appeal. *Watts v. Cumberland County Hosp. System*, 75 N.C. App. 1, 330 S.E. 2d 280 (1985), *rev'd on other grounds*, 317 N.C. 321, 345 S.E. 2d 201 (1986); *Rheinberg-Kellerei GMBH v. Vineyard Wine Co.*, 53 N.C. App. 560, 281 S.E. 2d 425, *disc. rev. denied*, 304 N.C. 588, 289 S.E. 2d 564 (1981). However, even if the claim was properly before this Court, plaintiffs' contention would be without merit. Plaintiffs have failed to demonstrate that any of Matamoros' actions proximately caused any damages whatsoever.

The decision of the trial court granting defendant's motion for summary judgment is

Affirmed.

Judges BECTON and SMITH concur.