VELMA T. SLATER AND HUSBAND, JOHN H. SLATER, AND GLADYS T. MILLER
AND HUSBAND, TROY M. MILLER, PETITIONERS v. OLA T. LINEBERRY AND
HUSBAND, CHARLIE LINEBERRY, RESPONDENTS

No. 8723SC924

(Filed 5 April 1988)

**Wills § 32— property devised in fee simple to children—grant of authority to sell
property at auction precatory**

    The trial court properly concluded that a will devised to testator's children a remainder interest in real property in fee simple absolute, and the clause which followed such devise, and which purported to grant the authority to sell the devised real property at a public auction, was precatory in nature and did not limit or defeat the devise in fee simple absolute.

APPEAL by respondents from *Rousseau, Julius A., Judge.* Order entered 14 July 1987 in YADKIN County Superior Court. Heard in the Court of Appeals 11 February 1988.

On 25 March 1986 petitioners filed an action to partition in kind real property inherited from the parents of the female parties herein. Respondents timely filed a response, denying that the lands should be partitioned, relying upon the Will of Curney Preston Taylor, and praying that the court appoint administrators to sell the lands pursuant to the Will of Curney Preston Taylor. On 3 December 1986 the Clerk of Superior Court of Yadkin County ordered the matter transferred to superior court for the purpose of construing the Will. On 30 June 1987 the cause came on for a hearing in superior court; and the trial judge, having reviewed the record and heard arguments, made findings of fact and conclusions of law and ordered the matter remanded to the Clerk of Superior Court of Yadkin County for proceedings to accomplish the partition in kind sought by petitioners. Respondents appealed.

*Shore, Hudspeth and Harding, by N. Lawrence Hudspeth, III, for petitioner-appellees.*

*Lee Zachary for respondents-appellants.*

WELLS, Judge.

The question presented is whether certain language in Item Four of the Will of Curney Preston Taylor, deceased, should be

construed as precatory or mandatory. Item Four of the Will provides as follows:

> ITEM FOUR: I will, devise and bequeath to my three children, to wit: Ola Mae Taylor Lineberry, Gladys Taylor Miller, and Velma Taylor Slater, subject to the life estate of my said wife, all of the lands that I may own at the time of my death, absolutely and in fee simple, and it is my will that my executor sell at public auction for cash the said lands after the death of my said wife, and divide the proceeds among my three children, or in the event that any of them should predecease me, then I want her share to go to her children.

The trial court concluded as a matter of law that Item Four devises to the testator's children a remainder interest in real property in fee simple absolute and that the clause which follows, and which purports to grant the authority to sell the devised real property at a public auction, "is precatory in nature and does not limit or defeat the devise in fee simple absolute as aforesaid." We agree.

On appeal, respondents contend, in their first and main assignment, that we should "conjoin the clauses" of Item Four and read them as an indivisible unit with the purpose of determining the testator's "whole intention." That whole intention, respondents contend, is that the takers under the Will should have the proceeds from the sale of the real property, without being made subject to further life estates, liens, trusts, or other charges. This argument cannot prevail.

To be sure, respondents are correct in pointing out that the intent of the testator is the polar star that must guide courts in the interpretation of all wills. *Wing v. Trust Co.*, 301 N.C. 456, 272 S.E. 2d 90 (1980). Moreover, in construing a will every word and clause must, if possible, be given effect and apparent conflicts reconciled. *Joyner v. Duncan*, 299 N.C. 565, 264 S.E. 2d 76 (1980). However, when undertaking to reconcile apparently conflicting provisions, greater regard must be given to the dominant purpose of the testator than to the use of any particular words. *See Mansour v. Rabil*, 277 N.C. 364, 177 S.E. 2d 849 (1970); *Trust Co. v. Wolfe*, 245 N.C. 535, 96 S.E. 2d 690 (1957). In the case before us the testator's dominant purpose, as expressed in the first clause

of Item Four of his Will, is to devise all his real property in fee simple absolute. The words "will, devise, and bequeath . . . absolutely and in fee simple" admit of no other import. We recognize that the coordinate clause following, introduced by the words "and it is my will," would seem to restrict the immediately preceding unconditional devise. But this subsequent limiting language cannot be reconciled with the testator's general, dominant purpose, which is to devise the property in fee simple. The limiting clause must yield to the general, prevailing purpose. It follows that we must hold that the limiting language of the second clause of Item Four merely expresses the testator's precatory, nonbinding desire as to how he wishes his children to dispose of their remainder interest. Accordingly, respondents' first assignment is overruled.

Since petitioners and respondents own the devised real property as tenants in common, respondents' remaining assignments, which stand or fall with the first one, must also fail.

The Order of the trial court is

Affirmed.

Judges EAGLES and GREENE concur.