THOMAS H. RUSSELL AND SUSAN ELIZABETH RUSSELL SISSON, PLAINTIFFS v. CORA C. RUSSELL AND NANCY D. RUSSELL, DEFENDANTS

No. 903SC147

(Filed 15 January 1991)

**1. Wills § 48 (NCI3d)— bodily heirs—adopted children**

Where testator's will devised a remainder to his daughter "and the heirs of her body" and further provided that "in the event of the death of my said daughter without bodily heirs, then and in that event I give and devise said prop-

RUSSELL v. RUSSELL

[101 N.C. App. 284 (1991)]

erties to my heirs-at-law," any child adopted by the daughter could satisfy the conditions of the will and inherit as a bodily heir.

**Am Jur 2d, Adoption § 98.**

**Adopted child as within class in testamentary gift. 86 ALR2d 12.**

2. **Wills § 43 (NCI3d) — death in 1951 — testator's wife not heir-at-law under will**

The wife of a testator who died in 1951 was not an "heir-at-law" under his will where the will devised a life estate to testator's wife with the remainder to his daughter "and the heirs of her body" and further provided that "in the event of the death of my said daughter without bodily heirs, then and in that event I give and devise said properties to my heirs-at-law" in fee simple. N.C.G.S. § 29-1, Rule 8 (1943).

**Am Jur 2d, Wills § 1211.**

**Husband or wife as heir within provision of will or trust. 79 ALR2d 1438.**

3. **Wills § 36.1 (NCI3d) — construction of will — life estate — estate tail — defeasible fee**

Where the will of a testator who died in 1951 devised a life estate to his wife with the remainder to his daughter "and the heirs of her body" and further provided that "in the event of the death of my said daughter without bodily heirs, then and in that event I give and devise said properties to my heirs-at-law" in fee simple, the will vested a life estate in the wife with an estate tail in remainder to the daughter which was converted by N.C.G.S. § 41-1 into a fee simple defeasible upon her death without bodily heirs, and testator's other two children received a remainder contingent upon the daughter's death without bodily heirs.

**Am Jur 2d, Estates §§ 43, 45-47.**

Judge PARKER concurs in the result.

APPEAL by plaintiffs and cross-appeal by defendants from judgment entered 14 November 1989 by *Judge William C. Griffin* in

CARTERET County Superior Court. Heard in the Court of Appeals 18 September 1990.

Plaintiffs appeal and defendants cross-appeal the trial court's interpretations of the relative interests of the parties as to real property described in the will of Nat Russell.

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by Claud R. Wheatly, Jr., for plaintiffs-appellants.*

*L. Patten Mason, P.A., by L. Patten Mason, for defendants-appellees.*

JOHNSON, Judge.

The pertinent facts are as follows: Nat Russell (hereinafter "testator") executed a will on 8 September 1948. He died on 29 March 1951. Shortly thereafter on 3 April 1951, the will was probated. The disputed provision of the will reads as follows:

> I give and devise to my beloved wife, Cora C. Russell, the following real estate, to wit: [real estate described] to have and to hold to afore sescribed [sic] properties to her, said Cora C. Russell, for the period of her natural life, and at her death to my daughter, Nancy D. Russell, to have and to hold the same to her and the heirs of her body; however, in the event of the death of my said daughter without bodily heirs, then and in that event I give and devise said properties to my heirs-at-law to be divided between them equally, share and share alike, surviving children of deceased parents to have the part said parent would have taken had he or she lived, to have and to hold the same to them and their heirs in fee simple, subject to the life estate of the said Cora C. Russell.

Nat Russell was married two times. By his first marriage, he had two children, Thomas Russell and Susan Russell Sisson, the plaintiffs. His second marriage to Cora C. Russell resulted in the birth of one child, Nancy D. Russell. No other children were born of Nat Russell. At his death, Mr. Russell was survived by his wife Cora, and his three children, Thomas, Susan and Nancy.

At the time Nat Russell executed the will in question, plaintiffs were grown and living on their own. Defendant Nancy Russell, however, was approximately 15 years old and living at home.

RUSSELL v. RUSSELL

[101 N.C. App. 284 (1991)]

Cora Russell, the appointed Executrix, administered her husband's estate until its conclusion on 16 May 1953.

Nancy Russell is now approximately 56 years old, is unmarried, and has not given birth to a child or children.

Cora Russell has conveyed her life estate to Nancy Russell.

Nancy Russell is now claiming to own all of the property, in fee simple.

On appeal, plaintiffs bring forth two questions for review. Defendants bring forth four additional questions on cross-appeal. For the sake of clarity, we will address the legal questions raised by plaintiffs first. We then shall discuss defendants' questions.

PLAINTIFFS' APPEAL

At the outset, we note that the testator died on 29 March 1951 and the Intestate Succession Act was not passed until 1959, therefore, the case *sub judice* is governed by the Statute of Descents, G.S. § 29-1 (1943). As our current statute provides that "[e]very person seized of an estate in tail shall be deemed to be seized of the same in fee simple," G.S. § 41-1 (1984) is also applicable to the interpretation of the disputed provision of Nat Russell's will.

[1] Initially, plaintiffs contend that the trial court erred in failing to find that the will and the intent of the testator, by the use of the terms "heirs of her body" and "bodily heirs" meant not just children, but "natural children." Plaintiffs, however, in their complaint, only assert a claim for declaratory relief as to the relative interests of the parties. The complaint does not raise the issue of whether defendant Nancy Russell could satisfy the condition in her father's will by adopting a child as opposed to giving birth to a child. Thus, this issue cannot be raised for the first time on appeal. *Bryant v. Eagan*, 88 N.C. App. 741, 364 S.E.2d 704, *cert. denied*, 322 N.C. 325, 368 S.E.2d 863 (1988).

Assuming, *arguendo*, that this issue was properly raised, the applicable rule provides that the word "child" standing alone "shall be construed to include any adopted person unless the contrary plainly appears by the terms of the will itself." *Simpson v. Simpson*, 29 N.C. App. 14, 17, 222 S.E.2d 747, 748 (1976). "This rule of construction shall apply whether the will was executed before or after the final order of adoption and whether the will was executed before or after the enactment of the statute." *Id.*, *citing Peele*

*v. Finch*, 284 N.C. 375, 200 S.E.2d 635 (1973); *Stoney v. MacDougall*, 28 N.C. App. 178, 220 S.E.2d 368 (1975), *cert. denied*, 289 N.C. 302, 222 S.E.2d 702 (1976). Therefore, any child adopted by Nancy will satisfy the conditions of her father's will and can inherit as a bodily heir. *See also* G.S. § 48-23(3) and *Simpson*, 29 N.C. App. 14, 222 S.E.2d 747. This assignment is overruled.

[2]   By Assignment of Error number two, plaintiffs contend that the trial court erred in concluding that the testator intended the words:

> to my heirs at law, to be divided between them equally, share and share alike, surviving children of deceased parents to have the part their parents would have taken had he or she lived, to have and to hold the same to them and their heirs in fee simple, subject to the life estate of Cora C. Russell

to include Cora Russell as his "heir-at-law." We agree.

Unquestionably, the distribution of an estate among heirs and distributees is governed by the law as it existed at the time of the death of the intestate. *Johnson v. Blackwelder*, 267 N.C. 209, 148 S.E.2d 30 (1966). Pursuant to the Statute of Descents, a husband and wife could not inherit real property directly from each other. Wiggins, Wills and Administration of Estates in North Carolina § 178 (1983). Where, however, "any person dies intestate leaving none who can claim as an heir to the deceased person, but leaving surviving a widow or husband, such widow or husband shall be deemed an heir and as such inherit his estate." G.S. § 29-1, Rule 8. As Nat Russell died testate with heirs, this general rule is inapplicable to the case *sub judice*. Thus, Cora Russell is not an heir of Nat Russell.

To determine the relative interests of the parties as created by the testator, we must first examine the disputed devise which reads in pertinent part:

> . . . I give and devise to my beloved wife, Cora C. Russell . . . for the period of her natural life, and at her death to my daughter, Nancy D. Russell, to have and to hold the same to her and the heirs of her body; however, in the event of the death of my said daughter without bodily heirs, then and in that event I give and devise said properties to my heirs-at-law . . . .

RUSSELL v. RUSSELL

[101 N.C. App. 284 (1991)]

Next, we must look to the intestacy law in effect at the time of Nat Russell's death. *Rawls v. Rideout*, 74 N.C. App. 368, 328 S.E.2d 783 (1985). And finally, we are guided by the intent of the testator. *Slater v. Lineberry*, 89 N.C. App. 558, 366 S.E.2d 608 (1988). Such intent is ascertained

> from the . . . language and in light of conditions and circumstances existing at the time the will was made. In considering the language used, technical words will be presumed to have been used in their technical sense unless the language of the will evidences a contrary intent; however, when the testator obviously does not intend to use words in their technical sense, they will be given their ordinary and popular meaning. In any event, the use of particular words, clauses or sentences must yield to the purpose and intent of the testator as found in the whole will. (Citations omitted.)

*Kale v. Forrest*, 278 N.C. 1, 6, 178 S.E.2d 622, 625 (1971). Ordinarily, the word "heirs" is "used to describe those persons who are entitled under the intestate succession statute to the decedent's property upon his death intestate." Wiggins, Wills and Administration of Estates in North Carolina § 134 (1983).

[3] The devise to Cora Russell for her natural life and at her death to the testator's daughter and "her bodily heirs," vests a life estate in the land to Cora Russell, with an estate tail in remainder to Nancy Russell. Nancy's interest under the purview of G.S. § 41-1 is converted into a defeasible fee simple. Thomas Russell and Susan Russell Sisson therefore have a contingent remainder. The contingency that will activate this remainder is Nancy's death without bodily heirs. *See Davis v. Brown*, 241 N.C. 116, 84 S.E.2d 334 (1954). At such time, this contingent limitation will defeat Nancy's fee simple, and title will pass to Nat Russell's heirs-at-law.

The parties' identifiable interests have not changed despite the fact that Cora Russell has conveyed her present life estate interest to her daughter, Nancy. Nancy Russell's interest has merely been accelerated. In the event that Nancy dies without bodily heirs, her fee simple estate will be defeated.

We conclude, however, that Nat Russell did not use the words "heirs-at-law" in the technical sense. This is evidenced by the special provision contained in the will entitling Nancy and her children

to the real estate to the exclusion of Thomas and Susan and their heirs. We believe a strict reading of the disputed provision would produce a result in opposition to Nat Russell's testamentary intent and could result in someone, other than a lineal descendant of Nancy, taking her share when the language in the will suggests an intention to keep the property in the family. Moreover, we are unable to adopt defendants' overall position that Nat Russell intended for Nancy to take the real property as an heir-at-law as a result of a condition that would have initially deprived her of the property. Thus, we conclude that Nat Russell meant that *if* Nancy had children, she and her children would take the property *but* Susan and Thomas would share the property equally in the event that Nancy died without having children.

In summary, we find that Cora Russell is not Nat Russell's heir-at-law. We also find that Nancy Russell presently has a fee simple defeasible title to the properties of the testator, Nat Russell, and that her interest could only be defeated and therefore equally divided by Thomas Russell and Susan Russell Sisson in the event that she dies without having children.

DEFENDANTS' APPEAL

In light of our holdings above, we find it unnecessary to address the questions raised in defendants' cross-appeal. Suffice it to say, the trial court's holdings that the Rule in *Wild's case* does not apply and that the issue of the parties' rights could be determined were both proper. The trial court erred, however, by holding that the term "heirs of her body" did not create a fee tail which was converted by the operation of the statute into a fee simple estate.

The judgment of the court below is

Affirmed in part; Reversed in part.

Judge EAGLES concurs.

Judge PARKER concurs in the result.

Judge PARKER concurring in the result.

I concur in the result only. In my view the language of testator's Will did not create a fee tail estate in Nancy Russell and G.S. 41-1, therefore, has no applicability.

## RUSSELL v. RUSSELL

[101 N.C. App. 284 (1991)]

I am also of the opinion that the complaint for declaratory judgment to determine the relative interests of the parties under Nat H. Russell's Will did in fact raise the issue of whether bodily heirs would include both natural and adopted children of defendant Nancy Russell. Paragraph 5 of the complaint asserts plaintiffs' position that Nancy Russell must die survived by natural children. The prayer for relief seeks a declaration that "if she is not survived by natural children . . . the real estate will be solely the property of Thomas H. Russell and Susan Elizabeth Russell Sisson, their heirs and assigns as tenants in common . . . ." Therefore, this issue was properly before the trial court, and plaintiffs preserved their right to raise it on appeal.

Further, plaintiffs' interest under the Will is, in my opinion, an executory interest rather than a contingent remainder. The interests of the parties created by the Will in testator's property were as follows: (i) Cora Russell received a life estate; (ii) Nancy Russell received a vested remainder in the fee simple defeasible upon her death without a child surviving her; (iii) Thomas Russell and Elizabeth Sisson received an executory interest in the fee simple which will take effect in the event the contingent limitation occurs, namely that Nancy Russell dies without a child surviving her. *See Ziegler v. Love*, 185 N.C. 40, 115 S.E. 887 (1923). As noted by the majority, under the current statute, G.S. 48-23, the child may be an adopted child.

Finally, under the holding in *White v. Alexander*, 290 N.C. 75, 224 S.E.2d 617 (1976), I concur in that portion of the majority opinion holding that testator's heirs at law to take in the event Nancy dies without a child surviving her would not include Nancy or persons taking under her. Additionally, contrary to defendants' contention, under *White*, testator's heirs at law for purposes of who shares in the executory interest, should the contingency occur, are determined at the time of the testator's death. 290 N.C. at 81, 224 S.E.2d at 621.