LUCY W. TAYLOR, EMPLOYEE, PLAINTIFF; (F. K. TAYLOR, SUCCESSOR IN INTEREST TO PLAINTIFF, LUCY W. TAYLOR, NOW DECEASED) v. J. P. STEVENS COMPANY, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 440A82

(Filed 11 January 1983)

1. *Master and Servant § 68— workers' compensation—permanent disability from occupational disease—maximum compensation not increased by statute*

In enacting G.S. 97-29.1, the legislature intended to increase only the weekly benefits of claimants who were totally and permanently disabled prior to 1 July 1973 but did not intend to increase the $12,000.00 maximum compensation provided for in G.S. 97-29 as written when plaintiff became totally disabled from an occupational disease in August 1963.

2. **Master and Servant § 99— workers' compensation—attorney fees for appeal to appellate court—discretion of Industrial Commission**

The Industrial Commission has the discretion to award attorney fees for work rendered in connection with an appeal before an appellate court, and the decision to grant or deny such an award will not be disturbed in the absence of an abuse of discretion. G.S. 97-88; G.S. 97-88.1.

Justice CARLTON dissenting.

APPEAL as a matter of right pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals 57 N.C. App. 643, 292 S.E. 2d 277 (1982) (opinion by *Clark, J.,* with *Whichard, J.,* concurring and *Becton, J.,* dissenting), which affirmed a holding of the Industrial Commission.

This appeal concerns a worker's compensation claim in which plaintiff-appellant seeks to recover both extended compensation benefits under G.S. 97-29.1 and reasonable attorneys' fees under G.S. 97-88. In a decision dated 6 May 1980 and reported at 300 N.C. 94, 265 S.E. 2d 144 (1980), we upheld a Court of Appeals' decision which established defendant's, J. P. Stevens and Company, liability to the plaintiff. We remanded the case to the In-

dustrial Commission for a determination of the exact date of plaintiff's disability. Prior to the hearing on remand before Deputy Commissioner Angela R. Bryant on 18 August 1980, the parties stipulated that plaintiff's disability arose on 2 August 1963.

Considering all the facts, including defendant's liability and plaintiff's date of disability, the Deputy Commissioner awarded plaintiff compensation in the amount of twelve thousand dollars ($12,000), the maximum allowable under G.S. 97-29 in August of 1963. In addition to the award of twelve thousand dollars ($12,000), the Deputy Commissioner found that plaintiff was also entitled to recieve an increase in the original award as provided by G.S. 97-29.1. With this award the Deputy Commissioner approved an attorney's fee in the amount of twenty-five percent (25%) of the plaintiff's final award.

Defendant-appellee appealed from the Deputy Commissioner's award of 18 August 1980 for a hearing before the full Commission. On 8 September 1980 defendant-appellee tendered to plaintiff-appellant a payment in the amount of twelve thousand dollars ($12,000). On 20 October 1980 plaintiff moved for attorneys' fees pursuant to G.S. 97-88 and G.S. 97-88.1. In its opinion filed 20 November 1980 the full Commission denied plaintiff's motion for attorneys' fees. In addition to the denial of attorneys' fees, the Commission struck that part of the Deputy Commissioner's award dealing with the plaintiff's recovery of compensation benefits and in its place awarded plaintiff a lump sum of twelve thousand dollars ($12,000), an amount equal to the maximum award allowable under G.S. 97-29 in August of 1963.

From this decision of the full Industrial Commission, plaintiff appealed to the Court of Appeals. On 12 November 1980 the original plaintiff, Lucy Wood Taylor, died. Her widower was substituted as plaintiff-appellant in the proceedings before the Court of Appeals. In a split decision the Court of Appeals affirmed the full Commission's decision and held that G.S. 97-29.1 was not intended to benefit a person in the position of the plaintiff. The Court of Appeals went on to say that the Commission has no authority to award attorneys' fees for work rendered in furtherance of an appeal before the appellate courts. However, the Court of Appeals did hold that the Commission is authorized to award attorneys' fees for work done in connection with a hear-

ing before it, but such an award is within the Commission's discretion and in this case the court felt there was no abuse of discretion.

Plaintiff appealed to this Court as a matter of right from the decision of the Court of Appeals which upheld the decision of the Industrial Commission.

Other evidence pertinent to our decision will be discussed in the opinion.

*Hassell, Hudson & Lore by Charles R. Hassell, Jr. and Robin E. Hudson, for plaintiff-appellant.*

*Teague, Campbell, Conely & Dennis by C. Woodrow Teague and George W. Dennis III, for defendant-appellee.*

COPELAND, Justice.

Plaintiff-appellant raises on this appeal two issues for our consideration. First, he aruges that both the Industrial Commission and the Court of Appeals erred in holding that G.S. 97-29.1 does not increase the twelve thousand dollar ($12,000) maximum recovery allowed under the August 1963 version of G.S. 97-29. Second, he contends that the Industrial Commission should have granted his 20 October 1980 motion for attorneys' fees which included costs for preparations and arguments before this Court in 1980 and before the Deputy Commissioner and the full Commission also in 1980. In response to plaintiff's contentions we hold that the Court of Appeals was correct in upholding the Industrial Commission's ruling that G.S. 97-29.1 did not increase the twelve thousand dollar ($12,000) maximum compensation provided for in G.S. 97-29 as written in August of 1963. We also hold that the Court of Appeals, while correct in affirming the Commissions' denial of attorney's fees, erred in reasoning that the denial was proper in part since the Industrial Commission does not have the authority to order attorneys' fees for work done in connection with an appeal before an appellate court. Instead, an award of attorneys' fees for work done in connection with an appeal before an appellate court is within the discretion of the Commission, just like an award for work in connection with a hearing before the Commission. In the absence of an abuse of discretion the Commission's denial of attorneys' fees will not be disturbed.

[1]   Plaintiff-appellant argues that the legislature, in passing G.S. 97-29.1 intended to increase the total benefits to all persons who were entitled to receive benefits prior to 1 July 1973 and who were receiving or were to receive benefits after 1 July 1977. We cannot support such a sweeping assertion. As a result of the parties' stipulation that plaintiff's disability occurred on 2 August 1963 we must interpret the Workmen's Compensation Act as it was written in August of 1963 in order to determine plaintiff's proper compensation.

In August of 1963 the applicable statute under which the plaintiff would have become entitled to a recovery was G.S. 97-53(13). However, the amount of compensation for total incapacity in August of 1963 was set out in G.S. 97-29 which provided:

> Except as hereinafter otherwise provided, where the incapacity for work resulting from the injury is total, the employer shall pay or cause to be paid, as hereinafter provided, to the injured employee during such total disability a weekly compensation equal to sixty per cent of his average weekly wages, but not more than thirty seven dollars and fifty cents ($37.50), nor less than ten dollars per week during not more than four hundred weeks from the date of the injury, provided that the total amount of compensation paid shall not exceed twelve thousand dollars.

Within this statute we find three clearly defined maximums which operate independently. The first maximum concerns the amount of weekly benefits which may be received. The maximum weekly benefit allowable is thirty seven dollars and fifty cents ($37.50). The second maximum concerns the total number of weeks from the date of the injury that an employee may receive weekly benefits. The maximum in this second category is four hundred (400) weeks. The third maximum is a ceiling on the total amount of benefits an employee may receive for total disability. That maximum is twelve thousand dollars ($12,000).

In support of our interpretation of G.S. 97-29, as written in August of 1963, we first rely on the clear meaning of the words of the statute. The statute unequivocally states that a totally incapacitated worker shall receive no more than thirty seven dollars and fifty cents a week for no more than four hundred weeks provided that the total compensation not exceed twelve

thousand dollars. "When the language of a statute is clear and unambiguous, it must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction." *Utilities Commission v. Edmisten, Attorney General,* 291 N.C. 451, 465, 232 S.E. 2d 184, 192 (1977); see also, *State v. Camp,* 286 N.C. 148, 209 S.E. 2d 754 (1974); *Peele v. Finch,* 284 N.C. 375, 200 S.E. 2d 635 (1973).

To further support our interpretation of G.S. 97-29, as it was written in August of 1963, we note that the statute was amended 1 July 1963. This amendment substituted "thirty seven dollars and fifty cents" for "thirty five dollars" and "twelve thousand dollars" for "ten thousand dollars." Clearly each maximum was amended separately with there being no amendment whatsoever to the four hundred week maximum. In addition, simple mathematics reveals that the two dollars and fifty cents increase in weekly benefits has no relation to the two thousand dollars total compensation benefit increase over the maximum four hundred week recovery period. We also point out that paragraph two of G.S. 97-29 provided:

> In cases in which total and permanent disability results . . . from an injury to the brain or spinal cord . . . compensation . . . shall be paid during the life of the injured employee, without regard to the four hundred weeks limited herein or the twelve thousand dollars maximum compensation under this article.

Although the twelve thousand dollars maximum and the four hundred weeks maximum do not apply to paralysis cases as set out in paragraph two of G.S. 97-29, the weekly maximum of thirty seven dollars and fifty cents does still apply. Clearly the legislature intended the maximums to be separate and independent provisions of G.S. 97-29.

G.S. 97-29.1, the 1977 amendment to G.S. 97-29, increases only the weekly compensation benefits in all cases of total and permanent disability occurring prior to 1 July 1973. The statute provides that in such cases, *"weekly Compensation Payments* shall be increased effective July 1, 1977. . . ." (Emphasis added.) Obviously, G.S. 97-29.1 is intended to increase the amount a person receives weekly. However, no provision has been made for an increase in total benefits. "It is a well-settled principle of statutory

construction that where a statute is intelligible without any additional words, *no additional words* may be supplied." *State v. Camp*, 286 N.C. 148, 151, 209 S.E. 2d 754, 756 (1974). (Emphasis added.)

In this case the plaintiff was injured prior to 1 July 1973 and she did receive benefits after 1 July 1977, however plaintiff's benefits have been ordered and tendered in a lump sum payment of twelve thousand dollars. Although plaintiff contends otherwise, we cannot violate the clear meaning of G.S. 97-29.1 by stating that an increase in the weekly maximum of thirty seven dollars and fifty cents necessarily requires an increase in the twelve thousand dollars total compensation maximum.

We therefore uphold the Court of Appeals decision which denied plaintiff's claim that he was entitled to a fifty percent increase in total benefits pursuant to G.S. 97-29.1.

[2] Plaintiff's second contention concerns the Industrial Commission's refusal to grant his motion for attorneys' fees. Plaintiff argues that the Industrial Commission erred in not awarding him attorneys' fees for work done between 24 October 1979 and 31 October 1980. During that period plaintiff's attorney represented him in appeals brought by the defendant-appellee before this Court on 11 February 1980, before a Deputy Commissioner on 18 August 1980 and before the full Industrial Commission on 31 October 1980. Plaintiff contends that G.S. 97-88 and G.S. 97-88.1 entitle him to an award of attorneys' fees. We are unable to agree with plaintiff-appellant's position.

The language of both G.S. 97-88 and G.S. 97-88.1 clearly indicates that an award of attorneys' fees is not required to be granted. Such language places the decision of whether to award attorneys' fees within the sound discretion of the Industrial Commission. G.S. 97-88 provides:

If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were brought by the insurer and the Commission or court by its decision orders the insurer to make, or continue payments of benefits . . . the Commission or Court *may further order* that the cost to the injured employee of such hear-

ing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as a part of the bill of costs. (Emphasis added.)

As indicated, the language in G.S. 97-88 that, "the Commission or court may further order [a] reasonable attorney's fee. . ." clearly shows that an attorney's fee award is within the Commission's discretion. Similarly, G.S. 97-88.1 places the award of attorneys' fees in the discretion of the Commission by providing that, "the Industrial Commission . . . *may assess* . . . reasonable fees for defendant's attorney or plaintiff's attorney. . . ." (Emphasis added.)

Plaintiff argues that he is entitled to recover attorneys' fees for work done in defense of defendant-appellee's appeals because the intent of the legislature was to avoid the situation in which an injured worker who has won an award of compensation is forced to bear the cost of defending his victory through subsequent appeals brought by the defendant. In response to this assertion by the plaintiff we point out that the language of the statute clearly shows the legislature did not intend to require that attorneys' fees be awarded. Instead the statute was written to enable the Industrial Commission to award attorneys' fees in those cases it deems proper. Unlike the situation where the insurer litigates and appeals for the primary purpose of harrassing an economically feeble employee, in this case defendant appellee had sound legal principles behind each of its appeals. In a case like the one *sub judice* the Industrial Commission's denial of attorneys' fees is not an abuse of discretion.

Although the Court of Appeals properly upheld the Industrial Commission's denial of attorneys' fees, the court did err in holding that the Commission does not have the authority to award attorneys' fees for work done in furtherance of a case on appeal before the Supreme Court. The applicable statute G.S. 97-88 provides:

[T]he Commission or Court may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee to be determined by the Commission shall be paid by the insurer as part of the bill of costs.

Taylor v. J. P. Stevens Co.

In the above quoted statute the legislature provides that both the Court and the Commission shall have the authority to award attorneys' fees to be paid by the insurer. However, the same provision clearly provides that what amount is a reasonable attorney's fee shall be determined solely by the Commission. While the statute provides the Commission with the authority to allow attorneys' fees, even for work done in furtherance of an appeal before an appellate court, the decision to grant or deny a request for such an award will not be disturbed in the absence of an abuse of discretion.

We therefore affirm the Court of Appeals' opinion which upheld the Industrial Commission's denial of plaintiff's request for benefits in excess of the maximum allowed under G.S. 97-29 as written in August of 1963. In addition we affirm the Industrial Commission's refusal to grant plaintiff attorneys' fees while at the same time modifying the reasoning by the Court of Appeals which also affirmed the holding of the Industrial Commission.

Modified and affirmed.

Justice CARLTON dissenting.

The most honest statement I can make at the outset is that I am not absolutely certain what group or groups of persons our legislature intended to benefit in enacting G.S. 97-29.1 (1979). However, the majority has not convinced me that the group to which Mrs. Taylor belongs should be omitted from the statute's reach and, for that reason, I respectfully dissent.

I think it particularly interesting that the majority nowhere attempts to define the groups the statute was designed to benefit. The majority's time and space is devoted only to an attempt to justify and explain which people the statute was *not* designed to help. The Court of Appeals attempted to explain its same result by noting which group of people it felt the statute was designed to benefit. The majority nowhere indicates whether it agrees or disagrees with the Court of Appeals' determination on this point.

If I understand the majority, it reasons that the statute does not benefit Mrs. Taylor, a woman who received a lump sum payment of $12,000, because she runs afoul of two restrictions: (1) the statute was only intended to benefit those who receive weekly

compensation payments, and (2) the statute did not specifically provide for an increase in the total compensation of $12,000.

I think this reasoning will lead to great confusion. For example, according to the majority's view, one receiving the maximum of $37.50 per week for 320 weeks (which would equal the maximum of $12,000) would be entitled to an increase in weekly payments under G.S. 97-29.1 (1979) *but* would receive the weekly payments for a *lesser* number of weeks because that person would reach the $12,000 maximum sooner. Specifically, one receiving $37.50 before enactment of G.S. 97-29.1 (1979), but who later became entitled to a 20% increase, for example, under the statute, apparently would see his weekly payments rise from $37.50 per week to $45.00 per week but he would only receive the payments for 266.67 weeks because at the end of that time he would have reached the $12,000 maximum. In other words, this employee gets $7.50 more per week, *but loses more than an entire year's compensation*! The legislature may have intended that in enacting G.S. 97-29.1 (1979); I doubt it.

Another possibility under the majority view is this: if Mrs. Taylor had been awarded a lump sum of $8,000 instead of $12,000, she would appear to be entitled to the statute's benefits because she would not be in violation of the majority's second restriction—the $12,000 maximum. However, because of the majority's first restriction she still would not be entitled to the increase in payments because she would not have been receiving her payments on a weekly basis. I cannot imagine, and the majority does not explain, why the legislature would want to help someone receiving weekly payments and not help one like Mrs. Taylor who *otherwise* qualifies under the statute except for the lump sum manner of payment.

Again, I concede that I do not know for certain which groups of people the legislature intended to benefit with this statute. The majority must not know either because the opinion does not say. At any rate, I must dissent for the reasons stated above and for two other very important reasons: (1) the statute refers to *all* cases of total and permanent disability occurring prior to 1 July 1973 where the disabled is entitled to benefits as of 1 July 1977; Mrs. Taylor meets *all* these requirements, and (2) this Court has held for years that the Workers' Compensation Act is to be liberally construed in favor of the claimant.