JOYCE BROWN McGHEE, EMPLOYEE, PLAINTIFF v. BANK OF AMERICA CORPORATION, EMPLOYER, EBI/ROYAL AND SUNALLIANCE INSURANCE CO., CARRIER, DEFENDANTS

No. COA04-1428

(Filed 20 September 2005)

**1. Workers' Compensation— timeliness of claim—last medical payment—foreign jurisdiction**

A workers' compensation claim was timely filed because it was within two years of the last medical compensation paid by defendants, even though the payment was to medical providers in Virginia. Nothing in the statutory definition of medical compensation limits the location to North Carolina, nor is there an ex-

McGHEE v. BANK OF AM. CORP.

[173 N.C. App. 422 (2005)]

ception for the employer's presumption that the claim will be in a foreign jurisdiction. N.C.G.S. § 97-24.

**2. Workers' Compensation— timeliness of claim—short-term disability payments—not "other compensation"**

Short-term disability benefits paid in lieu of workers' compensation were not paid pursuant to the Workers' Compensation Act, and did not qualify as "other compensation" for timeliness purposes under N.C.G.S. § 97-24.

**3. Workers' Compensation— appeal—failure to assign error—findings binding**

Failure to assign error in a workers' compensation case to findings about plaintiff's medical history and incapacity for employment meant that those findings were binding on appeal. The Industrial Commission's conclusion that plaintiff is totally disabled was upheld.

**4. Workers' Compensation— offered part-time employment— make-work**

The evidence in a workers' compensation case supported the finding that a part-time position offered to plaintiff was make-work and did not constitute other employment as defined by N.C.G.S. § 97-2(9).

**5. Workers' Compensation— medical care—effectiveness**

The Industrial Commission did not err in a workers' compensation case by ordering defendants to pay for medical care which defendants contended was ineffective. There was substantial evidence of record that plaintiff's care was necessary to provide relief.

**6. Workers' Compensation— attorney fees—no abuse of discretion**

There was no abuse of discretion in the award of attorney fees in a workers' compensation action.

Appeal by defendants from opinion and award entered 16 June 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 May 2005.

*Fred D. Smith, Jr., for plaintiff appellee.*

*Wilson & Ratledge, PLLC, by Maura K. Gavigan and Kristine L. Prati, for defendant appellants.*

McGHEE v. BANK OF AM. CORP.

[173 N.C. App. 422 (2005)]

McCULLOUGH, Judge.

Defendants appeal from an opinion and award of the North Carolina Industrial Commission ("the Commission") awarding plaintiff total disability compensation, medical expenses, and attorneys' fees. Defendants argue that plaintiff's claim was not timely filed, and that the Commission therefore lacked jurisdiction to hear the claim. Defendants further contend the Commission erred in concluding that plaintiff is totally disabled, and erred in awarding her medical expenses and attorneys' fees. We affirm the opinion and award of the Commission.

The facts of the instant case, as found by the Commission, are as follows: plaintiff was employed as an assistant vice-president in marketing and training by defendant Bank of America ("BOA"), where she had worked for nearly eighteen years. BOA's home office was located in Charlotte, North Carolina; however, plaintiff's place of employment was Richmond, Virginia, where she resided.

On 1 August 1998, plaintiff was returning to Richmond from a business trip to Florida. Plaintiff's manager had instructed her to drive her personal vehicle home and then fly back to Florida at defendants' expense. While driving from Florida to Richmond on 1 August, plaintiff sustained injuries to her head, neck, left shoulder, and ribs when her vehicle was "T-boned" with considerable force by another vehicle in Wilmington, North Carolina. Plaintiff received emergency care in Wilmington, where she was diagnosed with a head injury and multiple acute strain secondary to the motor vehicle accident. When she returned to Richmond, plaintiff continued to receive medical care over the next two years for a variety of conditions arising from the accident, including cerebral concussion with persistent post-concussive disorder, cervical whiplash, cognitive defects, attention problems, persistent chronic pain, a blind spot in her left eye, and neurosensory hearing loss in the left ear.

Between 1 August 1998 and 14 August 2000, plaintiff received either her full salary or short-term disability payments from defendants. While plaintiff received short-term disability she was not working. During the weeks plaintiff received her full salary, she worked between three to six hours per day performing menial, "make work" tasks. The Commission found, and defendants have excepted, that these tasks did not constitute "other employment" pursuant to section 97-2(9) of the General Statutes.

McGHEE v. BANK OF AM. CORP.

[173 N.C. App. 422 (2005)]

On 5 September 2000, plaintiff attempted full-time employment at National Catalog in Martinsville, Virginia. Due to her chronic headaches, however, plaintiff was unable to perform her job duties, and National Catalog terminated her employment on 7 November 2000. Plaintiff received unemployment compensation benefits from the Virginia Employment Security Commission between 27 November 2000 and 15 May 2001 as a result of her termination by National Catalog.

Following her move to Martinsville, Virginia, plaintiff continued to receive medical care for a variety of conditions arising from her 1 August 1998 injury, including chronic pain, major depression, post-traumatic stress disorder, and cognitive defects. Two of plaintiff's treating physicians testified that plaintiff remains incapable of employment.

Upon presentation of the evidence, the Commission found and concluded that plaintiff was totally disabled and entered an award granting her total disability compensation, medical expenses, and attorneys' fees. From the opinion and award of the Commission, defendants appeal.

---

Defendants argue the Industrial Commission erred by (1) concluding that plaintiff's claim was timely filed; (2) concluding that plaintiff is totally disabled; (3) finding that the part-time position offered to plaintiff did not constitute "other employment" as defined in section 97-2(9) of the General Statutes; (4) ordering defendants to pay for medical treatment for plaintiff; and (5) awarding plaintiff attorneys' fees. For the reasons stated herein, we affirm the opinion and award of the Commission.

[1] By their first assignment of error, defendants contend the Commission erred in finding and concluding that plaintiff's claim was timely filed. Defendants correctly note that, pursuant to section 97-24 of our General Statutes, the right to workers' compensation for an injury by accident claim is "forever barred" unless the claimant files a claim with the Industrial Commission either (1) within two years of the accident or (2) "within two years after the last payment of medical compensation when no other compensation has been paid and when the employer's liability has not otherwise been established." N.C. Gen. Stat. § 97-24 (2003). Defendants argue that plaintiff neither filed her claim within two years of the accident, nor within two years after the last payment of medical compensation by defendants. We disagree.

Plaintiff's accident occurred on 1 August 1998. Plaintiff filed a Form 18 Notice of Accident with the North Carolina Industrial Commission on 9 August 2001. Thus, she did not file her claim within two years of the accident. However, the Commission found that defendants last paid medical compensation for plaintiff's compensable injuries in August of 2000. Plaintiff therefore filed her claim within the two-year period following the last payment of medical compensation by defendants. At that time, defendants had paid no other compensation pursuant to the Workers' Compensation Act, nor had their liability been otherwise established. Plaintiff's claim was thus timely filed. *See* N.C. Gen. Stat. § 97-24.

Defendants assign error to the Commission's finding that they last paid medical compensation for plaintiff's injuries in August of 2000. Defendants argue that the payment at issue, $72,554.38 paid to medical providers in Virginia, does not meet the statutory definition of "medical compensation" under section 97-2(19) of the North Carolina General Statutes, because when defendants made the payment, they presumed that plaintiff would be filing a workers' compensation claim in Virginia, rather than North Carolina. We find no merit to defendants' argument.

Section 97-2(19) of the North Carolina General Statutes defines medical compensation as

> medical, surgical, hospital, nursing, and rehabilitative services, and medicines, sick travel, and other treatment, including medical and surgical supplies, as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability; and any original artificial members as may reasonably be necessary at the end of the healing period and the replacement of such artificial members when reasonably necessitated by ordinary use or medical circumstances.

N.C. Gen. Stat. § 97-2(19) (2003). Nothing in the definition limits the geographical locale of the medical treatment to North Carolina, nor does the definition create exceptions based upon an employer's "impression" of a "presumed claim" in a foreign jurisdiction.

In their answers to plaintiff's second interrogatories, defendants responded to the following question: "Did [defendants] pay for either medical, surgical, hospital, nursing, rehabilitative services, or medicine for injuries sustained by [plaintiff] on August 1, 1998?" Defend-

ants responded "Yes." Defendants also affirmed that they had made such payments through August of 2000. Thus, by their own admission, defendants paid medical compensation to plaintiff in August of 2000. The Commission did not err in finding that defendants last paid medical compensation to plaintiff in August of 2000.

[2] Defendants argue that plaintiff received "other compensation" in the form of short-term disability benefits such that the provisions of section 97-24 are inapplicable. We disagree. "Compensation" under the Workers' Compensation Act means "the money allowance payable to an employee or to his dependents *as provided for in this Article*, and includes funeral benefits provided herein." N.C. Gen. Stat. § 97-2(11) (2003) (emphasis added). Defendants concede that the short-term disability benefits paid to plaintiff were in lieu of workers' compensation benefits and not made payable to plaintiff pursuant to the Workers' Compensation Act. The short-term disability benefits therefore do not qualify as "other compensation" under section 97-24 of the General Statutes. We overrule defendants' assignment of error.

[3] Defendants next contend the Commission erred in concluding that plaintiff is totally disabled. Defendants argue plaintiff failed to produce evidence that she is incapable of work in any employment. Defendants' argument has no merit.

The Commission made numerous findings detailing plaintiff's medical history and her incapability for employment. Defendants failed to assign error to these findings and they are therefore binding upon appeal. For example, the Commission found that, due to her 1 August 1998 head trauma, plaintiff

suffers impairments for attention, recall, perception, construction in the visual channel, mild impairments for short-term memory, below average visual delayed memory, striking impairments on visual spatial construction, and markedly deteriorated intellectual functioning from pre-morbid functioning due to her reductions in both verbal and non-verbal functioning.

Two of plaintiff's treating physicians testified that she was "incapable of sustaining competitive employment" and was "totally disabled."

The findings of fact by the Industrial Commission are conclusive on appeal if supported by *any* competent evidence. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 413 (1998). "Thus, on appeal, this Court 'does not have the right to weigh the evidence and decide

the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Id.* (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)). In the present case, the Commission based its finding that plaintiff was totally disabled on substantial competent evidence of record. We overrule this assignment of error.

**[4]** By further assignment of error, defendants contend the Commission erred in finding that the part-time position offered to plaintiff did not constitute "other employment" as defined by section 97-2(9) of the General Statutes. Defendants argue plaintiff offered insufficient evidence that her part-time employment was not generally available on the market. Defendants also contend the Commission "applied a standard that was not considered since plaintiff was working in Virginia and presumably pursuing a claim in Virginia."

Defendants' presumptions aside, plaintiff offered substantial evidence that the position offered to her upon her return was "make work" rather than "other employment." Plaintiff testified when she returned to BOA on a part-time basis, her work consisted of

> help[ing] . . . make copies, sort the copies. I would go to, maybe, the copying company and pick up copies for them and have them made. I'd either, maybe, do their supplies, make sure they had their supplies, and most of the time I did—played games on the computer from the time—from the time that I got there. Usually, maybe they would let me work, maybe, just two hours sorting stuff or whatever, and the rest of the time I was just playing games on the computer.

This evidence supports the Commission's finding that plaintiff's part-time position was "make-work." We overrule this assignment of error.

**[5]** Defendants further argue the Commission erred in ordering defendants to pay for plaintiff's medical care after August of 2000. Defendants assert that the evidence tended to show that the medical care provided to plaintiff was ineffective in lessening her disability or providing relief. Defendants point to such notations by plaintiff's physicians that plaintiff "continues to have pain" and "still having increased anxiety and problems sleeping" as proof that the medical care was ineffective. Defendants argue the Commission thus erred in concluding that the medical care provided to plaintiff since August of

WILDER v. EMPLOYMENT SEC. COMM'N OF N.C.

[173 N.C. App. 429 (2005)]

2000 was "reasonably necessary to effect a cure and provide relief to plaintiff." We disagree.

Apparently, defendants believe that if a particular medication or treatment does not produce the precise desired result, an employer should not be responsible for payment of any of an injured worker's medical care for chronic pain arising from a compensable injury. There was substantial evidence of record that plaintiff's medical care was necessary to provide her with relief. We overrule this assignment of error.

[6] Finally, defendants argue the Commission erred in awarding attorneys' fees to plaintiff. The decision of whether to award attorneys' fees, however, is within the sound discretion of the Industrial Commission. *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 397, 298 S.E.2d 681, 683 (1983). Defendants fail to demonstrate on what basis the Commission abused its discretion in awarding attorneys' fees, and we likewise have discerned none.

The opinion and award of the Industrial Commission is affirmed.

Affirmed.

Judges TIMMONS-GOODSON and STEELMAN concur.